

ORDERED in the Southern District of Florida on June 7, 2016.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-41150-BKC-LMI
CHAPTER 13

IN RE:

VIVIAN CUBENAS,
    Debtor.
_____/

**AGREED ORDER GRANTING DEBTOR'S MOTION TO VALUE COLLATERAL OF LAKES OF THE MEADOW VILLAGE HOMES MASTER MAINTENANCE ASSOCIATION, INC., AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

THIS CAUSE having come on to be heard on the Debtor's Motion to Value and determine secured status of lien on real property held by Lakes of the Meadow Village Homes Master Maintenance Association Inc., [ECF 81]. Based upon the Debtor's assertions made in support of the Motion, noting an Evidentiary hearing is scheduled for June 22, 2016, noting agreement of parties and based upon the record, the Court FINDS as follows:

    A.    The value of the Debtor's real property located at 15090 Southwest 49th Lane, Unit E104, Miami, FL 33185, and more particularly described as:

**UNIT NO. E BUILDING 104 OF LAKES OF THE MEADOW VILLAGE HOMES CONDOMINIUM NO. EIGHT, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OR BOOK,**

is $102,000.00, at the time of filing.

B.     The total of all claims secured by liens on the Real Property senior to the lien of Lakes of the Meadow Village Homes Master Maintenance Association Inc., (the "Lender") is $215,873.00.

C.     The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of lien holder is $0.00 and lien holder, Lakes of the Meadow Village Homes Master Maintenance Association Inc., has a secured interest in the Real Property in such amount.

Consequently, it is ORDERED as follows:

1.     The Motion is GRANTED.

2.     Lien holder, Lakes of the Meadow Village Homes Master Maintenance Association Inc., has an allowed secured claim in the amount of $0.00.

3.     Because lien holder's secured interest in Real Property is $0, lien holder's lien recorded on October 17, 2007 at OR Book 25992 at Page 4109 and a lien recorded on March 16, 2010, in OR Book 27214 at Page 3802, of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtor's discharge in this Chapter 13 case. Further, if this case is converted to a case under any other Chapter or if this Chapter 13 case is dismissed, lien holder's liens will no longer be considered void and shall be restored as a lien on the real property.

3.     (Select only one):

___ Lender, has not filed a proof of claim in this case. The Trustee shall not

disburse any payments to Lender unless a Proof of Claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

  X   Lender, Lakes of the Meadow Village Homes Master Maintenance Association, Inc., filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $21,740.29, regardless of the original classification in the proof of claim as filed.

4. A subsequent purchaser is liable for unpaid assessments and that statutory liability is secured by a lien on that subsequent owner's interest in the parcel or homeowner association at issue.

5. The real property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtor receives a Discharge in this Chapter 13 case.

# # #

**Submitted by:**  
Michael A. Frank, Esquire  
10 Northwest LeJuene Road, Suite 620  
Miami, FL 33126  
Telephone (305) 443-4217  
Facsimile (305) 443-3219  
Email- Pleadings@bkclawmiami.com

Copies furnished to:  
Michael A. Frank, Esquire  
Nancy Neidich, Trustee  
Joyce Goodman-Guenther, Esquire

Attorney, Michael A. Frank, is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt thereof.